ORIGINAL

# In the United States Court of Federal Claims

No. 16-197C
(Filed: October 7, 2016)

FILED
OCT - 7 2016
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                  *
CLEVON MORRISEY, JR.,                             *
                                                  *
           Plaintiff,                             *
                                                  *
     v.                                           *
                                                  *
THE UNITED STATES,                                *
                                                  *
           Defendant.                             *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss the Complaint. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

Plaintiff pro se Clevon Morrisey, Jr., is incarcerated at the Northern State Prison in Newark, New Jersey. Compl. 3.[1] Plaintiff appears to allege that agencies and officers of the State of New Jersey, as well as TD Bank and Golden Sun Realty, committed criminal conduct under Title 18 of the United States Code and violated the Fourth, Fifth, Sixth, and Fourteenth Amendments and the Federal Tort Claims Act. Mot. to Dismiss 2, 4.

### Discussion

Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the plaintiff when ruling

---

[1] As Plaintiff did not number the pages of his complaint, the Court will use the numbers generated by the Court's electronic filing system.

on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages.") (internal quotations omitted).

Plaintiff appears to be challenging the actions of various agencies, departments, and officials of the State of New Jersey, as well as two private businesses. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009) (citing 28 U.S.C. § 1491(a)(1)). As Plaintiff has not challenged any action by the United States, this Court lacks jurisdiction to entertain Plaintiff's claims.

Plaintiff alleges violations of the Federal Tort Claims Act, as well as the Fourth, Fifth, Sixth, and Fourteenth Amendments, and various criminal statutes. This Court does not have jurisdiction over claims pursuant to the Fourth or Sixth Amendments, or over claims under the due process clauses of the Fifth and Fourteenth Amendments, as none of these provisions are money mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Turpin v. United States, 119 Fed. Cl. 704, 707-08 (2015); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988). Further, this Court does not have jurisdiction over criminal matters or tort claims. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also 28 U.S.C. § 1346(b)(1)(2012) (stating that the district courts have exclusive jurisdiction over actions brought pursuant to the Federal Tort Claims Act).

Finally, Plaintiff appears to be challenging his conviction by a New Jersey state court, as well as his treatment by the New Jersey state prison system. However, this Court does not have jurisdiction to entertain these claims. <u>Trafny v. United States</u>, 503 Fed. Cir. 1339, 1340 (Fed. Cir. 2007); <u>Landers v. United States</u>, 39 Fed. Cl. 297, 301 (1997).

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss this action.

_Mary Ellen Coster Williams_
**MARY ELLEN COSTER WILLIAMS**
Judge